IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THE TRUMPETER SWAN SOCIETY et al., <br><br> Plaintiffs <br><br> v. <br><br> LISA P. JACKSON, in her official capacity as Administrator, United States Environmental Protection Agency, <br><br> and <br><br> ENVIRONMENTAL PROTECTION AGENCY, <br><br> Defendants. | Civil Action No. 1:12-cv-00929 (EGS) |

### RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY

Pursuant to the Court's Order dated May 21, 2013, Defendants Environmental Protection Agency ("EPA") and Lisa P. Jackson (together "Defendants") respond to Plaintiffs' Notice of Supplemental Authority.

Defendants agree with Plaintiffs that *City of Arlington, Texas v. Federal Communications Commission*, No. 11-1545 (S. Ct. May 20, 2013) establishes that EPA is entitled to *Chevron* deference when determining the scope of its own authority. But as Defendants explained in their Reply Brief, Plaintiffs were wrong when they stated in their Opposition Brief that this was an open question in this Circuit. *See* Defendants' Reply at 23 (quoting *Transmission Access Policy Study Group v. FERC*, 225 F.3d 667, 694 (D.C. Cir. 2000) ("[I]t is the law of this circuit that the deferential standard of *Chevron* . . . applies to an agency's interpretation of its own jurisdiction.")).

Moreover, *City of Arlington* clarifies that EPA is entitled to *Chevron* deference even when it is interpreting a provision that limits and restricts its authority, such as Section 3 or Section 21 of the Toxic Substances Control Act ("TSCA"). *See City of Arlington*, No. 11-1545, slip op. at 12 ("Our cases hold that *Chevron* applies equally to statutes designed to *curtail* the scope of agency discretion."). Therefore, Defendants disagree with Plaintiffs' suggestion in the Notice of Supplemental Authority that *City of Arlington* does not affect Plaintiffs' other arguments as to why the Court should not give EPA deference when interpreting its authority to regulate lead shot and bullets under TSCA. Accordingly, *City of Arlington* forecloses Plaintiffs' arguments that EPA is not entitled to deference because (1) the exclusion in TSCA Section 3(2)(B)(v) incorporates Section 4181 of the Internal Revenue Code, or (2) TSCA Section 21(b)(4)(B) provides a *de novo* standard of review for petitions to initiate a rulemaking.

TSCA is a statute that EPA administers, and if the Court determines that Section 3(2)(B)(v) of TSCA is ambiguous, then the Court must defer to EPA's interpretation. *See City of Arlington*, No. 11-1545, slip op. at 5 ("*Chevron* thus provides a stable background rule against which Congress can legislate: Statutory ambiguities will be resolved within the boundaries of reasonable interpretation, not by the courts but by the administering agency.").

                                                                    Respectfully submitted,

Dated: May 22, 2013                    IGNACIA S. MORENO
                                                          Assistant Attorney General
                                                          Environment & Natural Resources Division

                                                          /s/ Justin D. Heminger
                                                          JUSTIN D. HEMINGER (D.C. Bar No. 974809)
                                                          United States Department of Justice
                                                          Environmental Defense Section
                                                          P.O. Box 7611
                                                          Washington, D.C.  20044

                                          Telephone: (202) 514-2689
                                          Fax: (202) 514-8865
                                          justin.heminger@usdoj.gov

OF COUNSEL:

Andrew J. Simons
U.S. Environmental Protection Agency
Office of General Counsel
1200 Pennsylvania Ave., N.W.
Washington, D.C. 20460

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 22, 2013, I served the foregoing with the corresponding Notice of Electronic Filing via CM/ECF system, which sent notification of such filing to all attorneys of record.

                                             /s/ Justin D. Heminger
                                             JUSTIN D. HEMINGER