# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE TRUMPETER SWAN SOCIETY, *et al.*)<br>)<br>)<br>)<br>Plaintiffs )<br>)<br>v.     )<br>)<br>)<br>ENVIRONMENTAL PROTECTION )<br>AGENCY, *et al.*,        )<br>)<br>Defendants.    )<br>And                )<br>)<br>NATIONAL SHOOTING SPORTS   )<br>FOUNDATION, INC, *et al*.    )<br>)<br>Intervenor-Defendants  )<br>)<br>_____) | **Case No. 1:12-cv-929 (EGS)** |

## INTERVENOR-DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

As this Court is well aware, a hearing on the pending motions to dismiss is scheduled for May 23, 2013. On May 20, 2013, Plaintiffs, the Trumpeter Swan Society, et. al. ("the Society"), filed a Notice of Supplemental Authority attaching the Supreme Court's decision in *City of Arlington v. FCC,* 569 U.S. ___ (2013) which the Court decided that same day. On May 21, this Court ordered the federal defendants, the Environmental Protection Agency ("EPA") et. al., to file a response to the notice by noon on May 22, 2013. Intervenors, the National Shooting Sports Foundation, Inc., et al. ("NSSF"), respectfully submit the following response to the Notice of Supplemental Authority.

In *City of Arlington v. FCC,* the Supreme Court settled the question of whether courts must defer to an "agency's interpretation of a statutory ambiguity that concerns the scope of its regulatory jurisdiction (that is, its jurisdiction)" under the test established in *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837 (1984).  In *City of Arlington,* the Court specifically held that if a statute is silent or ambiguous with respect to specific issues, including the scope of their regulatory jurisdiction, courts must defer to the agency's reasonable interpretation of its authority.  As the Court explained, this is because "'judges ought to refrain from substituting their own interstitial lawmaking' for that of an agency." Slip Op. at 14 (*citing Ford Motor Credit Co. v. Milhollin,* 444 U.S. 555, 568 (1980). See also, Slip. Op. at 15-16 (explaining that "a separate category of 'jurisdictional' interpretations does not exist," rather *Chevron* deference comes into play where Congress has "established an ambiguous line" and if the agency's answer to such ambiguity "'is based on a permissible construction of the statute,' that is the end of the matter.").

Despite arguing otherwise in their pleadings, the Society now concedes that *City of Arlington* makes clear that the two-step *Chevron* test extends to interpretations of an agency's regulatory authority or jurisdiction and such interpretations are entitled to deference.[1]  Thus, as EPA and NSSF argued in the motions to dismiss, EPA's interpretations of its regulatory jurisdiction under TSCA are entitled to great deference.  EPA is entitled to deference regarding its determination that the Society's 2012 submission is not a cognizable submission under TSCA.  This Court need go no further than deferring to EPA's determination to resolve this case.  Where EPA found that the Society's 2012 submission falls outside of TSCA's jurisdiction, this Court must dismiss the Society's complaint for lack of subject matter jurisdiction.

---

[1] Of course, as explained in the pleadings, EPA and NSSF have consistently argued that the result reached in *City of Arlington* simply recognizes what has been the law in this Circuit for years.

Although *City of Arlington* reinforces our earlier arguments and makes clear that other arguments made by the Society cannot survive, *City of Arlington* in no way alters the arguments made by NSSF and EPA explaining that Congress was unambiguous in excluding ammunition from EPA's regulatory authority under TSCA and the Internal Revenue Code is likewise unambiguous.

EPA correctly concluded that Congress expressly excluded ammunition from EPA's regulatory authority under TSCA, 15 U.S.C. § 3602(2)(B)(v).  Congress made plain that it intended to exempt traditional ammunition from TSCA's reach by excluding a number of "chemical substances" including "any article, the sale of which is subject to the tax imposed by Section 4181 of the Internal Revenue Service ("IRS") Code" (known as the Firearms and Excise Tax, or FAET), *Id.*  The plain language of Section 4181 imposes a tax "upon the sale by the manufacturer, producer, or importer" of "shells, and cartridges." 26 U.S.C. § 4181.  Because this case involves traditional ammunition, the sale of which is subject to the FAET, there is no ambiguity that must be resolved under *Chevron* regarding TSCA's plain language or the meaning of the FAET tax because Congress spoke clearly.

However, to the extent this Court believes that there is ambiguity, *City of Arlington* makes clear that EPA's interpretation of TSCA and EPA's regulatory jurisdiction under TSCA with respect to traditional ammunition is due great deference.  Furthermore, EPA is entitled to rely upon the unambiguous language in the Internal Revenue Code regarding the applicability of the FAET tax.  Even assuming that EPA may not be due deference generally to interpretations of the tax code, in this case TSCA specifically points to the "tax imposed by Section 4181 of the" tax code and makes clear that the tax is applicable.  EPA was entitled to rely upon the plain language of the tax code.

Finally, to the extent the Society asserts that this Court should employ *de novo* review when assessing motions to dismiss for lack of jurisdiction or failure to state a claim and to review unreasonable risk findings under TSCA and reduce the deference to an agency's reasonable interpretation, the Society is wrong and confusing deference principles and basic standards of review for motions to dismiss.  It is true that district courts review motions to dismiss for failure to state a claims or lack of jurisdiction *de novo* accepting factual allegations in the complaint as true.  Courts, however, do not accept legal conclusions as true.  *See Papasan v. Allain,* 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation).  Further, the *de novo* review by the court of unreasonable risk findings by EPA pursuant to Section 21(b)(4)(B) is not implicated here because EPA has not made such findings to be reviewed; rather EPA rejected the Society's petition on legal grounds to which it is entitled deference.   Thus, the *de novo* review of motions to dismiss or of unreasonable risk determinations do not impact legal conclusions regarding an agency's entitlement to deference.

Respectfully submitted,

ROGER R. MARTELLA, JR.
/s/  Roger R. Martella, Jr.
(Bar No. 976771)

CHRISTOPHER L. BELL
(Bar No. 412857)
Sidley Austin LLP
1501 K Street, NW
Washington, DC  20005
(202) 736-8000
*Attorneys for Defendant-Intervenor
NATIONAL SHOOTING SPORTS
FOUNDATION, INC.*

*Of Counsel*

Lawrence G. Keane, General Counsel
National Shooting Sports Foundation
11 Mile Hill Road
Newtown, CT 06470-2359
(203) 426-1320

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2013, I electronically filed the foregoing INTERVENOR-DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY with the Clerk of the Court using the CM/ECF system which will send notification of this filing to all attorneys of record.

>
> ROGER R. MARTELLA, JR.
> /s/  Roger R. Martella, Jr.
> (Bar No. 976771)